1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HANA MODZ, LLC, | CASE NO. C14-1194JLR |
| Plaintiff, | ORDER |
| v. | |
| VAPORCRYPT, INC., et al., | |
| Defendants. | |

Before the court is Daniel Bronski's motion to withdraw as counsel for Defendants. (Mot. (Dkt. # 18).) This motion is unopposed. (*See generally* Dkt.) The court finds that the motion complies with the requirements for attorney withdrawal set forth in Local Rule 83.2. *See* Local Rules W.D. Wash. LCR 83.2(b). Accordingly, the court GRANTS Mr. Bronski's motion to withdraw as Defendants' counsel (Dkt. # 18).

It appears that, as a result of Mr. Bronski's withdrawal, Defendant Vaporcrypt, Inc. ("Vaporcrypt") will be unrepresented by counsel. However, Supreme Court precedent and this court's local rules require that a business entity must be represented by

ORDER- 1

counsel in federal court. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel . . . . [T]hat rule applies equally to all artificial entities."); Local Rules W.D. Wash. LCR 83.2(b)(3) ("A business entity, except a sole proprietorship, must be represented by counsel."). Under the local rules, a business entity's failure to obtain counsel "may result in . . . entry of default against the business entity." Local Rules W.D. Wash. LCR 83.2(b)(3).

Accordingly, the court ORDERS Vaporcrypt to either obtain counsel or show cause within 30 days of this order why the court should not enter default against Vaporcrypt. If Vaporcrypt does not obtain counsel or otherwise show cause within 30 days, the court will enter default against it.

Dated this 19th day of March, 2015.

JAMES L. ROBART
United States District Judge

ORDER- 2